**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSA MURGIA,                                    No C-09-3944 VRW (PR)

               Petitioner,

                                 ORDER DENYING MOTION TO PROCEED
         v                                IN FORMA PAUPERIS AND
                                 DISMISSING PETITION

PAUL COPENHAVER, Warden, et al,

               Respondent(s).            (Doc ## 2 & 4)

_____/

       Petitioner, a federal prisoner currently incarcerated at
the Federal Corrections Institution ("FCI"), Dublin, and proceeding
pro se, has filed the instant petition for a writ of habeas corpus
pursuant to 28 USC § 2241.  Doc #1.  Petitioner is in the custody of
the Bureau of Prisons ("BOP") following her 2008 conviction of one
count of distributing methamphetamine; her projected release date is
August 11, 2010.  Id at 15.

       Petitioner challenges the decisions by the FCI warden and
the BOP regional director refusing to exercise the discretion
granted the BOP under 18 USC §§ 3621 & 3624 to transfer petitioner
to a Residential Reentry Center ("RRC") for a period beginning six

1  months before the expiration of her sentence.  Doc ## 1 & 4.

2  Petitioner also seeks leave to proceed in forma pauperis.  Doc ## 2

3  & 4.  As explained below, the petition is subject to dismissal for

4  failure to exhaust administrative remedies.

5

6                                   I

7           Although § 2241 does not specify that petitioners must

8  exhaust available remedies before filing petitions for a writ of

9  habeas corpus, the Ninth Circuit "require[s], as a prudential

10  matter, that habeas petitioners exhaust available judicial and

11  administrative remedies before seeking relief under § 2241."  Laing

12  v Ashcroft, 370 F3d 994, 997 (9th Cir 2004).

13           The BOP has established procedures by which prisoners can

14  seek review of "an issue relating to any aspect" of a prisoner's

15  confinement, thereby satisfying the administrative exhaustion

16  requirement.  28 CFR § 542.10.  The procedures apply to all

17  prisoners in programs operated by the BOP.  Id.  The first level of

18  review is "informal resolution" at the institutional level.  Id §

19  542.13.  A prisoner who is not satisfied with the warden's response

20  resulting from the informal resolution process may then submit an

21  appeal to the regional director.  Id § 542.15.  A prisoner who is

22  not satisfied with the regional director's response may submit an

23  appeal to the general counsel of the BOP.  Id.  Once the general

24  counsel responds to and signs the appeal, the prisoner has exhausted

25  administrative remedies.  See id § 542.11.

26           Here, petitioner states that she was "*in the process of*

27

28                                   2

*exhausting her administrative remedy* through the BOP's

administrative appeals process" when she filed the instant petition,

thereby conceding she did not exhaust her administrative remedies

prior to filing the instant petition.  Doc #1 at 3, emphasis added.

Documents attached to her petition show that she sought informal

resolution and, then, because she was not satisfied with the

institutional response, appealed that decision to the regional

director on July 28, 2009.  Doc #1 at 17-21.  On September 16, 2009,

almost one month after the instant petition was filed, petitioner

filed additional documents showing that she filed a "Central Office

Administrative Appeal" dated September 10, 2009 directed to the

general counsel appealing the regional director's denial; no

response to that appeal is on file with the Court.  Doc #4 at 4-8.

It appears, therefore, that her appeal to the general counsel is

still pending.  Doc #4 at 4.  Petitioner nonetheless urges the

court to waive the exhaustion requirement and consider the merits of

her petition.

II

        Because it is not a jurisdictional prerequisite, the

exhaustion requirement may be waived in limited circumstances.  See

Laing, 370 F3d at 998 & 1000-01 (listing circumstances under which

waiver of exhaustion requirement may be appropriate, which include

"when:  (1) available remedies provide no genuine opportunity for

adequate relief; (2) irreparable injury may occur without immediate

judicial relief; (3) administrative appeal would be futile; and (4)

1  in certain instances a [petitioner] has raised a substantial

2  constitutional question").

3          Here, petitioner claims exhaustion would be futile

4  "because the BOP issues a form letter of denial stating that the

5  individual has been considered and denied based upon their

6  individual RRC needs, while being told by [s]taff that they are

7  being categorically denied."  Doc #1 at 3.  Petitioner admits that

8  "[r]esponses for those who have pursued administrative remedy

9  reflect that they were considered on an individual basis" but

10 claims, without offering any explanation why, "[t]hat is not the

11 case."  Id at 8.  Petitioner adds that because the "Deputy Director"

12 is married to the warden, "[i]t is worst case Nepotism, where the

13 Deputy Director is responsible for reviewing her husband's

14 decisions, [such that] inmates cannot expect objective review of

15 their administrative remedy."  Id.  Completely lacking any

16 evidentiary support, petitioner's conclusory allegations that

17 exhaustion would be futile are unpersuasive and insufficient to

18 excuse her failure to exhaust administrative remedies.

19

20                              III

21         For the foregoing reasons, the court finds petitioner has

22 not exhausted her administrative remedies and that she is not

23 entitled to waiver of the exhaustion requirement.  Accordingly, the

24 petition for a writ of habeas corpus under § 2241 is hereby

25 DISMISSED without prejudice to petitioner's filing a new habeas

26 corpus action after exhausting the BOP's administrative appeals

27

28                              4

1  process.

2          Additionally, petitioner's request for leave to proceed in

3  forma pauperis (Doc #2; see Doc #4) is DENIED.  Documents on file

4  with the court show petitioner's average monthly deposits for the

5  past six months was $350.00 and her average monthly balance for the

6  same period was $30.65.  The $5.00 filing fee is now due.

7

8          IT IS SO ORDERED.

9

10

11  _____

12  VAUGHN R WALKER
    United States District Chief Judge

13

14

15

16

17

18

19

20

21

22

23

24

25  G:\PRO-SE\VRW\HC.09\Murgia-09-3944-BOP-dismiss-exhaustion.wpd

26

27

28                                    5